[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 299.]

THE STATE EX REL. MASON, APPELLANT, *v.* GRIFFIN, JUDGE, APPELLEE.

[Cite as *State ex rel. Mason v. Griffin*, 2000-Ohio-62.]

*Criminal procedure—Classification as sexual predator—Trial judge has duty to determine whether defendant is a sexual predator—R.C. 2950.09(C)(2)(a), construed and applied.*

(No. 00-533—Submitted September 12, 2000—Decided November 22, 2000.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 77506.

———————————

{¶ 1} In July 1977, respondent-appellee, Cuyahoga County Court of Common Pleas Judge Burt W. Griffin, convicted Ralph R. Wilson of rape in three separate cases and sentenced him to concurrent prison terms of seven to twenty-five years.

{¶ 2} On July 31, 1997, the Ohio Department of Rehabilitation and Correction ("ODRC") recommended that Wilson be adjudicated as being a sexual predator and sent its recommendation and a copy of a screening document it used to make its determination to the common pleas court. In August 1997, Judge Griffin informed the warden of the prison where Wilson resides that he would take no action on the recommendation and that ODRC should refile its recommendation approximately six months before Wilson's first parole eligibility date in 1999.

{¶ 3} On August 2, 1999, the Ohio Parole Board granted Wilson parole, effective on or after October 19, 1999, as soon as an opening in a halfway house became available. On August 11, 1999, the state of Ohio filed a second request that Wilson be adjudicated a sexual predator. On October 29, 1999, Wilson filed a motion to dismiss the state's request. On December 21, 1999, Judge Griffin granted Wilson's motion and denied the state's request for a sexual-predator adjudication.

Judge Griffin ruled that ODRC failed to file a statement showing compliance with R.C. 2950.09(C)(1) and a detailed statement of the facts and reasons for its conclusion. He further ruled that the requested proceedings were unconstitutional because they violated procedural due process and the separation of powers doctrine. Judge Griffin never adjudicated whether Wilson is a sexual predator. The state has appealed Judge Griffin's judgment.

{¶ 4} On January 14, 2000, relator-appellant, Cuyahoga County Prosecuting Attorney William D. Mason, filed a complaint in the Court of Appeals for Cuyahoga County for an emergency writ of mandamus to compel Judge Griffin to "immediately order the return of Ralph Wilson * * * from the Richland Correctional Institution, immediately commence and conduct a hearing pursuant to [R.C.] 2950.09(C), and immediately issue an actual determination as to whether Ralph Wilson is or is not a sexual predator."

{¶ 5} Mason also alleged that he sought a writ of mandamus to compel Judge Griffin to "comply with the mandates of [R.C.] 2950.09(C) and *hold an evidentiary hearing to determine whether Ralph Wilson is a sexual predator before his imminent release from prison*." (Emphasis *sic*.) According to Mason, "[w]ithout an immediate hearing pursuant to [R.C.] 2950.09(C), [the state] will have no remedy in the ordinary course of law." Thus, "[i]f [Judge Griffin] is permitted to rule without a hearing that Ralph Wilson is not a sexual predator, [the state] will have no record to present for appeal, rendering the eventual availability of appeal inadequate and a nullity once Ralph Wilson is released from prison." Mason additionally requested an alternative writ and an expedited disposition.

{¶ 6} To support his request for an emergency peremptory writ of mandamus, Mason contended that "the facts surrounding Ralph Wilson's offenses establish as a matter of law that he is a sexual predator, and a hearing must therefore be held" and that "[i]f a hearing is not held before [Wilson's] release and before the constitutionality of the statute is ruled upon by [the court of appeals], the State * *

2

* will have no adequate remedy at law to protect the public from this repeat rapist." According to Mason, Wilson had not yet been released from prison.

{¶ 7} On January 27, 2000, the court of appeals *sua sponte* granted Judge Griffin leave to respond to Mason's complaint. After Judge Griffin failed to respond, the court of appeals *sua sponte* dismissed the complaint. The court of appeals concluded that R.C. 2950.09(C)(2)(a) did not impose a clear legal duty on Judge Griffin to hold a hearing to determine whether Wilson is a sexual predator.

{¶ 8} This cause is now before the court upon an appeal as of right.

_____

*William D. Mason*, Cuyahoga County Prosecuting Attorney, *L. Christopher Frey* and *Renee L. Snow*, Assistant Prosecuting Attorneys, for appellant.

*David L. Doughten*, for appellee.

_____

**MOYER, C.J.**

{¶ 9} Mason asserts in his sole proposition of law that a writ of mandamus must issue if a trial court refuses *either* to hold a hearing to determine whether the offender is a sexual predator *or* determine that the offender is not a sexual predator without a hearing. Judge Griffin counters that R.C. 2950.09(C)(2) authorizes him to decline to act on the ODRC recommendation and alternatively that R.C. 2950.09(C)(2) imposes no duty on him because its pertinent provisions are unconstitutional.

{¶ 10} Effective January 1, 1997, the General Assembly established a new classification system for convicted sex offenders. Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, 2601, 2668; *State v. Cook* (1998), 83 Ohio St.3d 404, 406, 700 N.E.2d 570, 574. Under R.C. 2950.09, sentencing courts determine whether a sex offender is a habitual sex offender, a sexual predator, or a sexually oriented offender. *Cook*, 83 Ohio St.3d at 407, 700 N.E.2d at 574. A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually

oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Rape falls within the definition of a sexually oriented offense. R.C. 2950.01(D)(1).

{¶ 11} Under R.C. 2950.09, there are two separate methods in which a sex offender may be classified as a sexual predator. The first method involves automatic classification as a sexual predator for persons convicted of certain crimes on or after January 1, 1997, and is inapplicable here. R.C. 2950.09(A). The second method applies to other offenders, including Wilson, who were either awaiting sentence for a sexually oriented offense as of January 1, 1997, or who were convicted and sentenced for a sexually oriented offense before that date and were still imprisoned in a state correctional institution. R.C. 2950.09(B)(1) and (C)(1). In these cases, the statute provides that "the sexual predator classification will attach only after a court holds a sex offender classification hearing in which the offender is entitled to representation by counsel, to testify on his/her own behalf, and to call and cross-examine witnesses. R.C. 2950.09(B)(1) and (C)(2)." *State v. Williams* (2000), 88 Ohio St.3d 513, 519, 728 N.E.2d 342, 350.

{¶ 12} Wilson was sentenced for sexually oriented offenses, *i.e.*, three rapes, before January 1, 1997, and was still imprisoned in a state correctional institution at the time Mason filed his mandamus action.[1] Therefore, after ODRC sent its recommendation to Judge Griffin that Wilson be adjudicated a sexual predator, Judge Griffin had a duty to proceed. R.C. 2950.09(C)(2)(a) provides:

"If, pursuant to division (C)(1) of this section, the department of rehabilitation and correction sends to a court a recommendation that an offender who has been convicted of or pleaded guilty to a sexually oriented offense be adjudicated as being a sexual predator, *the court is not bound by the department's recommendation and the court may conduct a hearing to determine whether the*

---

1. The parties do not indicate on appeal whether Wilson is still in prison.

*offender is a sexual predator. The court may deny the recommendation and determine that the offender is not a sexual predator without a hearing* but shall not make a determination that the offender is a sexual predator in any case without a hearing. *If the court determines without a hearing that the offender is not a sexual predator, it shall include its determination in the offender's institutional record* and shall determine whether the offender previously has been convicted of or pleaded guilty to a sexually oriented offense other than the offense in relation to which the court determined that the offender is not a sexual predator." (Emphasis added.) See, also, R.C. 2950.09(C)(1).

{¶ 13} This case involves the interpretation of the foregoing statutory language. The preeminent objective in statutory interpretation is to give effect to the intent of the legislature. *Christe v. GMS Mgt. Co., Inc.* (2000), 88 Ohio St.3d 376, 377, 726 N.E.2d 497, 498. To determine legislative intent, we initially review the language in the statute and the purpose to be accomplished. *In re Election Contest of Democratic Primary Held May 4, 1999 for Clerk, Youngstown Mun. Court* (2000), 88 Ohio St.3d 258, 265, 725 N.E.2d 271, 277.

{¶ 14} Under the language of R.C. 2950.09(C)(2)(a), a sentencing court may do one of two things once it receives an ODRC recommendation that an offender be adjudicated as being a sexual predator. First, the court may conduct a hearing and determine whether the offender is a sexual predator. Alternatively, the court may determine without a hearing that the offender is not a sexual predator, and, if it does so, it must include its determination in the offender's institutional record.

{¶ 15} Pursuant to R.C. 2950.09(C)(2)(a), the court may not, however, do nothing after it receives the ODRC recommendation, as Judge Griffin asserts on appeal. If we were to adopt Judge Griffin's interpretation of the statute, courts could ignore the statute and thereby contravene the intent of the General Assembly in revising R.C. Chapter 2950 "to protect the safety and general welfare of the

people of this state." R.C. 2950.02(B); *Williams*, 88 Ohio St.3d at 518, 728 N.E.2d at 350.

**{¶ 16}** Nevertheless, our agreement with Mason's interpretation of the statute does not entitle him to extraordinary relief in mandamus. In his complaint and related filings in the court of appeals, Mason restricted his claim to a writ of mandamus to compel Judge Griffin to conduct a hearing to determine whether Wilson is a sexual predator.

**{¶ 17}** But as the court of appeals properly held, and as Mason now concedes, Judge Griffin need not hold a hearing before determining that Wilson should not be classified as a sexual predator. R.C. 2950.09(C)(2)(a). A writ of mandamus will not issue to control judicial discretion, even if that discretion is abused. *State ex rel. Thomson v. Clerk, Court of Claims* (1997), 80 Ohio St.3d 495, 497, 687 N.E.2d 456, 458; *State ex rel. Luna v. McGimpsey* (1996), 74 Ohio St.3d 485, 486, 659 N.E.2d 1278, 1278-1279; R.C. 2731.03.

**{¶ 18}** Mason did not specifically request the court of appeals to grant a writ of mandamus to compel Judge Griffin *either* to determine without a hearing that Wilson is not a sexual predator *or* conduct a hearing and determine whether Wilson is a sexual predator. Instead, Mason's allegations in the court of appeals specified that Judge Griffin should *not* be "permitted to rule without a hearing that Ralph Wilson is not a sexual predator," because the state would then have no adequate legal remedy to protect the public.

**{¶ 19}** Therefore, any error by the court of appeals in restricting its analysis of Mason's mandamus claim to his request for a sexual-predator classification hearing was induced by Mason's complaint and brief in the court of appeals. "Under the invited-error doctrine, a party will not be permitted to take advantage of an error that he himself invited or induced the trial court to make." *State ex rel. Beaver v. Konteh* (1998), 83 Ohio St.3d 519, 521, 700 N.E.2d 1256, 1258; *State ex rel. Soukup v. Celebrezze* (1998), 83 Ohio St.3d 549, 550, 700 N.E.2d 1278, 1280;

see, also, *State ex rel. Taxpayers Coalition v. Lakewood* (1999), 86 Ohio St.3d 385, 391, 715 N.E.2d 179, 184 (court need not consider merits of claims that relators could have, but did not, raise and that parties did not consent to have tried).

{¶ 20} Based on the foregoing, the court of appeals did not err by confining its judgment to Mason's claim that Judge Griffin had a duty to conduct a sexual-predator-classification hearing. Consequently, the court correctly dismissed Mason's complaint for a writ of mandamus. By so holding, we need not consider Judge Griffin's alternative argument that he was not required to render a determination because the statute is unconstitutional. See *State ex rel. DeBrosse v. Cool* (1999), 87 Ohio St.3d 1, 7, 716 N.E.2d 1114, 1119 ("Courts decide constitutional issues only when absolutely necessary"); *State ex rel. BSW Dev. Group v. Dayton* (1998), 83 Ohio St.3d 338, 345, 699 N.E.2d 1271, 1277.

{¶ 21} For the foregoing reasons, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

DOUGLAS and PFEIFER, JJ., concur.

COOK, J., concurs in judgment.

RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., dissent.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 22} I concur with the portion of the majority's opinion that holds that pursuant to R.C. 2950.09(C)(2)(a), a trial court may not refuse to act after it receives the ODRC recommendation. However, I respectfully dissent from the majority's conclusion that the court of appeals did not err by confining its judgment only to Mason's claim that Judge Griffin had a duty to conduct a sexual-offender-classification hearing because Mason failed to properly plead for relief.

*Invited Error*

**{¶ 23}** The majority holds that Mason invited the error he complains of because he did not specifically request the court of appeals to grant the writ of mandamus to compel Judge Griffin *either* to determine without a hearing that Wilson is not a sexual predator *or* conduct a hearing and determine whether Wilson is a sexual predator. I agree with the majority's decision to deny the writ to force Judge Griffin to *hold* a hearing. But I disagree with the majority's decision to ignore the first portion of Mason's request, *i.e.*, to compel Judge Griffin to *comply* with the mandates of R.C. 2950.09(C).

**{¶ 24}** In paragraph one of his complaint, Mason states that he is "seeking a peremptory writ of mandamus compelling Honorable Burt Griffin, Respondent, *to comply with the mandates of O.R.C. § 2950.09(C)* and hold an evidentiary hearing to determine whether Ralph Wilson is a sexual predator before his imminent release from prison." (Emphasis added.)

**{¶ 25}** The majority concedes that the mandates of R.C. 2950.09(C) indeed compel a trial judge *either* to hold a sexual-offender-classification hearing *or* determine that Wilson is not a sexual predator. The majority holds today that the mandates of R.C. 2950.09(C) compel the judge to act. Thus, by requesting the court to compel Judge Griffin "to comply with the mandates" of R.C. 2950.09(C), Mason did, in fact, request that the court *either* compel the judge to hold a hearing *or* rule that Wilson is not a sexual predator.

**{¶ 26}** This conclusion is further illustrated in paragraph thirty-two of the complaint, where Mason states that "O.R.C. § 2950.09(C)(2)(a) *requires* the judge to determine *whether the inmate is or is not a sexual predator*. The judge may determine that an inmate is not a sexual predator *without holding a hearing*, *or* the judge may *hold a hearing* to determine whether the inmate is a sexual predator. *Refusing to decide is not an option under the statute*." (Emphasis added.) Again, Mason requested that the judge be compelled to *comply with the mandates of R.C. 2950.09(C),* and this court has held today that R.C. 2950.09(C) requires exactly

8

what Mason seeks in this case, *i.e.*, that the judge *either* hold a sexual-offender-classification hearing *or* determine that the offender is not a sexual predator. The writ clearly requested the relief of a *ruling*, with or without a hearing.

{¶ 27} Therefore, I would find that Mason did not restrict his claim to a writ of mandamus to compel Judge Griffin to conduct a hearing to determine whether Wilson is a sexual predator. That was only part of the request. The court ignores the first and foremost part of Mason's request for a writ, that the judge "comply with the mandates" of R.C. 2950.09(C). In my opinion, any other interpretation is too technical and narrow of a reading of Mason's request, and, in fact, ignores half of his request.

*Constitutional Issues*

{¶ 28} I further dissent from the majority's conclusion that it need not consider Judge Griffin's alternative argument that he was not required to render a determination because the statute is unconstitutional. One of the underlying reasons for Judge Griffin's *refusal* to comply with the mandates of R.C. 2950.09(C) was his belief that R.C. 2950.09(C) is unconstitutional. Therefore, granting the writ and remanding to Judge Griffin to decide whether or not Wilson is a sexual predator would be a useless act until the court of appeals addresses the issue of constitutionality.

{¶ 29} For the reasons set forth above, I respectfully dissent from the majority's decision and would reverse the judgment and remand to the court of appeals to rule on the constitutionality of R.C. 2950.09(C), and then, if appropriate, to grant the writ to order Judge Griffin to make a ruling as to whether Wilson is a sexual predator.

RESNICK and F.E. SWEENEY, JJ., concur in the foregoing dissenting opinion.

_____