JOURNAL ENTRY and OPINION
The appellant State of Ohio, appeals from the ruling of the trial court decision in each of the within cases holding that R.C. 2950.09 is unconstitutional as violative of the doctrine of separation of powers and an offender's right to due process. The appellant's four assignments of error, having a common basis in law and fact, will be addressed concurrently in this opinion. The four assignments of error state:
 I. WHETHER THE TRIAL COURT ERRED WHEN IT FOUND R.C. 2950.09(C) UNCONSTITUTIONAL IN VIOLATION OF THE DOCTRINE OF SEPARATION OF POWERS.
 II. WHETHER THE TRIAL COURT ERRED WHEN IT FOUND R.C. 2950.09(C) UNCONSTITUTIONAL AS A VIOLATION OF AN OFFENDER'S RIGHT TO DUE PROCESS.
 III. WHETHER THE TRIAL COURT ERRED WHEN IT FOUND THAT THE DEPARTMENT OF REHABILITATION AND CORRECTION HAS AN OBLIGATION PURSUANT TO R.C. 2950.09(B)(2) OR (C)(1) TO SUBMIT A DETAILED STATEMENT OF FACTS SHOWING THAT IT HAS INQUIRED INTO ALL FACTORS THAT MAY BE RELEVANT IN DETERMINING WHETHER AN INMATE IS A SEXUAL PREDATOR OR STATING WHY IT DEEMS THAT THE INMATE IS LIKELY TO COMMIT A SEXUALLY ORIENTED OFFENSE IN THE FUTURE.
 IV. WHETHER THE TRIAL COURT ERRED WHEN IT FOUND THAT R.C. 2950.09(C) UNCONSTITUTIONALLY:
 (A) AUTHORIZES A JUDGE TO DETERMINE ON AN EX PARTE BASIS WITHOUT A HEARING THAT AN INMATE IS NOT A SEXUAL PREDATOR;
 (B) FAILS TO PROVIDE BEFORE A HEARING FOR SUFFICIENT NOTICE TO THE LITIGANTS OF THE FACTUAL BASIS FOR RECOMMENDING OR CLAIMING THAT THE OFFENDER IS A SEXUAL PREDATOR;
 (C) FAILS TO PROVIDE A PROCEDURE FOR DISCOVERY OF THE FACTS BEING ALLEGED;
 (D) FAILS TO PLACE A BURDEN OF PROOF ON THE STATE TO PROVE THAT THE INMATE IS A SEXUAL PREDATOR; AND
 (E) FAILS TO PROVIDE FOR A NOT PROVED FINDING WHEN EVIDENCE IS INSUFFICIENT TO ESTABLISH THAT THE INMATE IS A SEXUAL PREDATOR.
This court, as well as other courts throughout the state, have repeatedly found that R.C. 2950.09 is constitutional and have rejected the constitutional arguments advanced by the trial court in its ruling. See, e.g., State v. Wilson (Nov. 13, 2000), Fayette App. No. CA99-09-024, unreported; State v. Manson (Nov. 2, 2000), Cuyahoga App. No. 76716, unreported; State v. Wilson (Oct. 26, 2000), Cuyahoga App. No. 77530; State v. Gross (Aug. 17, 2000), Cuyahoga App. No. 76836, unreported; State v. Moore (Aug. 17, 2000), Cuyahoga App. No. 76830, unreported; State v. Goodall (July 6, 2000), Cuyahoga App. No. 76491, unreported; State v. Smith (Apr. 7, 2000), Greene App. No. 99 CA 121, unreported; State v. Hodge (Apr. 28, 2000), Greene App. No. 99 CA 101, unreported.
In State ex rel. Mason v. Griffin (2000), 90 Ohio St.3d 299, the Supreme Court stated that a trial court may not refuse to hold a sexual predator hearing after receiving a recommendation from the Ohio Department of Rehabilitation and Correction unless the court affirmatively denies the recommendation.[1] Given that the statute in question has repeatedly been held constitutional and the clear language of the Supreme Court on the issue of the trial court's obligation to hold a hearing after receiving a recommendation, the trial court is without discretion to refuse to hold hearings upon remand.
Recently in State v. Wilson (Oct. 26, 2000), Cuyahoga App. No. 77530, unreported, this court stated:
 Ohio courts have consistently rejected every conceivable attack on the constitutionality of the sexual predator law. See State v. Williams (2000), 88 Ohio St.3d 513, 728 N.E.2d 342; State v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570; State v. Ward (1999), 130 Ohio App.3d 551, 720 N.E.2d 603; ad nauseam. In fact, this court has recently overruled identical assignments of error. See State v. Moore, 2000 Ohio App. LEXIS 3768 (Aug. 17, 2000), Cuyahoga App. No. 76830, unreported; State v. Gross, 2000 Ohio App. LEXIS 3769 (Aug. 17, 2000), Cuyahoga App. No. 76836, unreported. Based upon the foregoing, we summarily overrule appellant's third and fourth assignments of error. (Emphasis sic.)[2]
Thus, the appellate courts and the Supreme Court of this state have spoken on the issue of the constitutionality of the sexual predator statute. It is now incumbent upon the trial courts that they enforce the statute as it is written.
A trial court has no authority to require that the Ohio Department of Rehabilitation and Correction file with the trial court a detailed statement of facts demonstrating that it has inquired into all factors which may be relevant in determining whether an offender should be designated as a sexual predator as there is clearly no such requirement in the statute. The statute only requires that the Department forward a recommendation that an offender be adjudicated as a sexual predator to the appropriate court and enter its determination and recommendation in the offender's institutional record. R.C. 2950.09(C)(1). The court may deny the recommendation and determine that the offender is not a sexual predator without a hearing, but shall not make a determination that the offender is a sexual predator in any case without a hearing. State ex rel. Mason v. Griffin, supra, at 302. A trial court abuses its discretion when it fails to either hold a sexual predator hearing or determine that an offender is not a sexual predator and enter such determination in the offender's institutional record. Id. It is not the function of the trial court to create new and additional responsibilities and procedural hurdles for the Department to comply with prior to the court's holding a sexual predator determination hearing in accordance with the statute.
Accordingly, these assignments of error are sustained and these cases are all remanded to the trial court for the purpose of holding sexual predator hearings for all appellees in accordance with the dictates of the statute.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellees its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________ MICHAEL J. CORRIGAN, J.
PORTER, J., CONCURS.
KARPINSKI, P.J., CONCURS IN JUDGMENT ONLY IN PART AND DISSENTS IN PART WITH SEPARATE CONCURRING AND DISSENTING OPINION.
[1] Contrary to the assertion of the concurring opinion, we do not cite this case in response to the concurring opinion nor do we ever claim that the Supreme Court therein ruled upon the constitutional issues presented in the within appeal. The text of the within opinion which relates to State ex rel. Mason v. Griffin was added only because that case was released on November 22, 2000, two days after oral arguments in this case and after the initial circulation of the opinion, and was not intended as a response to the concurring opinion. The only proposition of law for which we cite State ex rel. Mason v. Griffin is that a trial court may not refuse to hold a hearing after receiving a recommendation from the Ohio Department of Rehabilitation and Correction unless the court affirmatively denies the recommendation.
[2] For purposes of clarity, we note that the Latin phrase ad nauseum was used in an earlier opinion of this court by a different panel. The quote contained herein is taken verbatim from that opinion.