I respectfully concur in judgment only in part and dissent in part. I join my colleagues in reversing the judgments of the trial court on the constitutional issues raised in these consolidated appeals, but would simply remand the matters for further proceedings without mandating hearings contrary to R.C. 2950.09(C)(2)(a).
I concur in judgment only because the scope and basis for the majority opinion is obscure. It mentions a recent Supreme Court case involving one of these five appellees herein and string cites eight other appellate cases, but offers no analysis of the separation of powers or due process issues considered by the trial court in its hearings or in its opinion.[1] It should be noted at the outset that there is conflicting Ohio appellate opinion on the underlying separation of powers issues.
The majority opinion refers to State ex rel. Mason v. Griffin (2000),90 Ohio St.3d 299, in which the Supreme Court affirmed this court's dismissal of the prosecutor's complaint for a writ of mandamus to compel the same trial judge to hold a sexual predator hearing in one of these underlying cases. The trial judge, having dismissed the ODRC's request for a sexual predator adjudication, argued that R.C. 2950.09(C) did not impose a legal duty to conduct such a hearing and, in the alternative, that R.C. 2950.09(C)(2)(a) was unconstitutional because it violated separation of powers and due process. Id. at 300-302.
The Supreme Court concluded that R.C. 2950.09(C)(2)(a) did not impose a mandatory legal duty to conduct a hearing. R.C. 2950.09(C)(2)(a) expressly permits the trial court receiving an ODRC recommendation either to (1) conduct a hearing and determine whether the offender is a sexual predator, or (2) determine without a hearing that the offender is not a sexual predator. Id. at 303. Because the statute did not impose a legal duty to hold a hearing, the Supreme Court plurality affirmed the denial of the writ and all justices expressly declined to consider the separation of powers or due process constitutional arguments raised herein. Id. at 304 and 306.
In rejecting the trial court's due process and separation of powers conclusions, the majority string cites eight cases. (Ante at p. 4.) Five of them were similar summary opinions by this court which assert that they are based on two or three published cases involving the same constitutional issues. In fact, this claim is erroneous because they actually involve different constitutional challenges to different parts of the sexual predator statutes in different contexts.
Goodallis the oldest case and asserts that the separation of powers and due process issues were already resolved in two cases: by the Supreme Court in Cook and by this court in Ward. Gross and Moore asserted that the separation of powers and due process issues were substantially indistinguishable from the issues decided in three cases: by the Supreme Court in Williams and Cook, and by this court in Ward. Wilson cites the same three cases; Manson cites Goodall and the same three cases.
However, none of these three underlying cases Williams, Cook, or Ward involved either the issue of separation of powers or the due process issues involved herein, let alone resolved these particular constitutional questions or issues substantially indistinguishable from them: (1) State v. Williams (2000), 88 Ohio St.3d 513 involved the Double Jeopardy, Bill of Attainder, Equal Protection, and the Art. I § 1 Free Independent and Inalienable Rights clauses; (2) State v. Cook (1998), 83 Ohio St.3d 404 involved the Retroactivity and Ex Post Facto clauses; and (3) State v. Ward (1999), 130 Ohio App.3d 551 — involved Equal Protection Ex Post Facto, Bill of Attainder, Privacy, Cruel and Unusual Punishment, and certain Due Process clause issues arising in the adjudication hearing. In other words, none of the cases cited neither directly nor indirectly support the majority's position.[2]
There are two cases, however, that do involve separation of powers and due process issues raised herein. State v. Smith (Apr. 7, 2000), Greene App. No. 99 CA 121, unreported; and State v. Hodge (Apr. 28, 2000), Greene App. No. 99 CA 101, unreported. Rejecting the separation of powers arguments, the Smith Court concluded (1) that the ODRC's recommendation that an offender be classified as a sexual predator consistent with the R.C. 2950.09(B)(2)(a)-(j) statutory factors did not impermissibly encroach on the judiciary[3], id. at pp. 3-4, and (2) that referral of ODRC recommendations to the prosecutor to determine whether to pursue a hearing did not violate the separation of powers. Id. at pp. 5-6.
Smith also rejected two due process arguments: (1) ODRC was not required to provide an offender with notice to enable participation in ODRC's recommendation, id. at pp. 4-5, and (2) due process did not require the trial judge to provide an offender notice before determining whether or not to conduct a hearing. Id. at 5. The Second District Court of Appeals held that the decision to deny an ODRC recommendation without a hearing did not violate the offender's rights of procedural due process, and that R.C. 2950.09(C)(2) requires notice and an opportunity to be heard when a court conducts a hearing. Id.
I concur in the judgment of the majority in rejecting the separation of powers and due process arguments to the extent that the rejection is consistent with Smith and Hodge, which I originally cited in a prior draft concurring opinion. I also note that this court, in a more substantive opinion than any cited by the majority, has also held that the statute does not require the trial judge to conduct investigations in violation of the separation of powers. State v. Gibson (Dec. 7, 2000), Cuyahoga App. No. 76875, unreported at p. 3. Under the circumstances, the is State v. Wozniak (Sept. 26, 2000), Franklin App. No. 00AP-349, record does not show that the sexual predator statutes require judges to become prosecutors, to perform sufficiently executive functions, or to perform sufficiently non-judicial functions as to violate the separation of powers.
Because the majority likewise cites no authority for rejecting the remaining specific due process arguments, I also briefly cite the following. Ohio statutes must be construed, if at all possible, to be constitutional and to reach just and reasonable results. See R.C. 1.47. The ODRC recommendation form functions as an instrument to raise the sexual predator issue. See e.g., State v. Clark (Mar. 29, 1999), Clermont App. No. CA98-11-103, unreported at p. 4. As a result, I agree with the majority's assertion that the form need not contain a detailed statement of all facts coupled with an explanation of ODRC's reasoning. R.C.2950.09(C)(1)does not require such detail and the record does not show that the H.B. 180 screening forms are inadequate for constitutional purposes.[4] As a result, I would sustain the second and third assignments of error.
I would also sustain each subpart of the fourth assignment of error. Smith rejects the argument that a due process violation occurs when a trial court determines an offender is not a sexual predator without a hearing. Id. at p. 5. Notice that a sexual predator hearing is scheduled is adequate to apprise one of the issues, and trial courts can permit appropriate discovery under the Rules of Civil Procedure. Ohio courts have already concluded that the prosecution bears the burden of proving sexual predator status. E.g., State v. Kirk (Sep. 19, 2000), Franklin App. No. 99AP-1086, unreported at p. 5. The fact that the sexual predator statutes do not provide for a not proved option is not a fatal defect. If the evidence presented is not sufficient to find by a clear and convincing standard that the offender is likely to commit a future sexual offense, classification as a sexual predator is not warranted. In such an event, after entering its determination, the trial court may express failure of proof or any additional reasons for its determination.
Finally, although I concur with the majority's judgment in sustaining the four assignments of error, I respectfully dissent from the majority's opinion to the extent that it does anything other than reverse and remand for further proceedings by the trial court. This court has previously recognized that, following remand, trial courts are to proceed from the point at which the matter terminated. See e.g., Tye v. Bd. Of Edn. Of Polaris Joint Vocational School Dist. (1988), 44 Ohio App.3d 76, 78.
The majority's obscure references to State ex rel. Mason v. Griffin (2000), 90 Ohio St.3d 299, appear to suggest that Mason limits the scope of proceedings following remand. Mason provides no support, however, for the suggestion that the trial court is mandated to hold hearings in these cases following remand.[5] To the contrary, Mason expressly recognized that R.C. 2950.09(C)(2) (a) provides that trial courts receiving ODRC recommendations may either (1) conduct a hearing and determine whether the offender is a sexual predator, or (2) determine without a hearing that the offender is not a sexual predator and include that determination in the offender's institutional record. Id. at 303. We should be clear that the trial court is not required to conduct hearings if it otherwise proceeds according to law.
Further proceedings may also include consideration of other appropriate constitutional issues. In open court the parties each specifically reserved on the record the right to raise additional constitutional arguments. Nothing in Mason suggests that trial courts cannot consider other constitutional arguments[6], that trial courts abused their discretion by doing so[7], or that they had no discretion to refuse to hold hearings.[8]
Finally, I feel compelled to state specifically that I would never concur in the kind of indiscriminate statement or reasoning block quoted by the majority, apparently with approval, ante at p. 5. The quote states: Ohio courts have consistently rejected every conceivable attack on the constitutionality of the sexual predator law and cites the same three cases as support discussed earlier, as well as the Latin phrase ad nauseam. (Emphasis in original.) Such a statement evidences either a stark over-generalization of the cases or an unduly limited ability to conceive of legal arguments. The phrase ad nauseam means to a sickening degree. When considering the parties' legal arguments, appellate judges are expected to have considerably more fortitude than to become nauseated upon the citation of a mere three cases.
Appellate courts are expected to provide a reasoned basis for their decisions. We owe it to the public, the parties, and the trial courts we review. Our decisions on disputed issues are ultimately only as strong as our supporting reasons. Serious constitutional questions upon which there are conflicting appellate opinions[9] should not be answered by naked assertions or irrelevant citations authority, particularly when raised in multiple cases as in these consolidated appeals.
[1] The trial court wrote a fifty-one page opinion, exclusive of exhibits, to explain the basis for its decision an opinion that rises to the level of a scholarly treatise in its ranging research and thoughtfulness.
[2] A sixth case cited by the majority also provides no support. State v. Wilson (Nov. 13, 2000), Fayette App. No. CA99-09-024, unreported, involves several other constitutional issues, but likewise does not involve either separation of powers issues or the due process issues involved herein. Wilson involves the right to counsel, as well as Right to Privacy, Cruel and Unusual Punishment, Double Jeopardy and Equal Protection clauses. Due process issues were limited to the right to counsel, and to the sufficiency of the evidence and weighing of factors to support the sexual predator determination. Because Wilson did not involve separation of powers issues and because no such due process issues arise in the cases at bar since appellees are represented by appointed counsel and no adjudicatory hearing was conducted, Wilson provides no support for rejecting either constitutional argument in the case before us.
[3] The majority opinion ignores completely that Ohio appellate courts have issued conflicting opinions concerning whether the ODRC's determination concerning the statutory factors improperly binds the trial court in violation of separation of powers principles. A recent example of a case finding no violation unreported at pp. 6-9. An example of the contrary conclusion is State v. White (Nov. 5, 1999), Miami App. No. 98-CA-37, unreported at p. 11-13, and its progeny. Because the factors are not exclusive and because the trial court is not bound by the ODRC's recommendations, I believe the better view is that no separation of powers violation occurs.
[4] However, I would also observe that as an evidentiary matter this court has reversed sexual predator determinations because the record contained no current information about prisoners.
[5] The majority opinion states: (1) the trial court is without discretion to refuse to hold hearings upon remand, ante at 5, and (2) these cases are all remanded to the trial court for the purpose of holding sexual predator hearings for all appellees in accordance with the dictates of the statute. (Ante at 7.) The latter statement is true only if the qualifier in accordance with the dictates of the statute incorporates the concept that the trial court does not in fact have to hold a hearing.
[6] It is now incumbent upon the trial courts that they enforce the statute as it is written. (Ante at 6.)
[7] A trial court abuses its discretion when it fails to either hold a sexual predator hearing or determine that an offender is not a sexual predator * * *. (Ante at 7.)
[8] [T]he trial court is without discretion to refuse to hold hearings upon remand. (Ante at 5.)
[9] See fn. 3.