JOURNAL ENTRY and OPINION
Appellant State of Ohio appeals the decision of the trial court denying the State's request, pursuant to R.C. 2950.09(C), that the trial court adjudge Appellee Alonzo Todd a sexual predator. The State assigns the following as errors for our review:
 I. THE TRIAL COURT ERRED WHEN IT FOUND R.C. 2959.09(C) UNCONSTITUTIONAL IN VIOLATION OF THE DOCTRINE OF SEPARATION OF POWERS.
 II. THE TRIAL COURT ERRED WHEN IT FOUND R.C. 2950.09(C) UNCONSTITUTIONAL AS A VIOLATION OF AN OFFENDER'S RIGHT TO DUE PROCESS.
 III. THE TRIAL COURT ERRED WHEN IT FOUND THAT THE DEPARTMENT OF REHABILITATION AND CORRECTION HAS AN OBLIGATION PURSUANT TO R.C.2950.09(B)(2) OR (C)(1) TO SUBMIT A DETAILED STATEMENT OF FACTS SHOWING THAT IT HAS INQUIRED INTO ALL FACTORS THAT MAY BE RELEVANT IN DETERMINING WHETHER AN INMATE IS A SEXUAL PREDATOR OR STATING WHY IT DEEMS THAT THE INMATE IS LIKELY TO COMMIT A SEXUALLY ORIENTED OFFENSE IN THE FUTURE.
 IV. THE TRIAL COURT ERRED WHEN IT FOUND THAT R.C. 2950.09(C) UNCONSTITUTIONALLY:
 (A) AUTHORIZES A JUDGE TO DETERMINE ON AN EX PARTE BASIS WITHOUT A HEARING THAT AN INMATE IS NOT A SEXUAL PREDATOR;
 (B) FAILS TO PROVIDE BEFORE A HEARING FOR SUFFICIENT NOTICE TO THE LITIGANTS OF THE FACTUAL BASIS FOR RECOMMENDING OR CLAIMING THAT THE OFFENDER IS A SEXUAL PREDATOR;
 (C) FAILS TO PROVIDE A PROCEDURE FOR DISCOVERY OF THE FACTS BEING ALLEGED;
 (D) FAILS TO PACE (SIC) A BURDEN OF PROOF ON THE STATE TO PROVE THAT THE INMATE IS A SEXUAL PREDATOR; AND
 (E) FAILS TO PROVIDE FOR A NOT PROVED FINDING WHEN EVIDENCE IS INSUFFICIENT TO ESTABLISH THAT THE INMATE IS A SEXUAL PREDATOR.
Todd has not submitted an appellate brief. Having reviewed the record and the available legal arguments, we reverse the decision of the trial court and remand this case so the trial court may comply with R.C.2950.09. The apposite facts follow.
On April 14, 1987, a Cuyahoga County Grand Jury indicted Todd on one count of rape pursuant to R.C. 2907.02 and one count of aggravated robbery pursuant to R.C. 2911.01. Each count carried a violence specification. On December 24, 1987, Todd pled guilty to rape in exchange for the State declining to prosecute him for aggravated robbery. The trial court sentenced Todd to a term of imprisonment of from six to twenty-five years to be served consecutive to an additional term of imprisonment imposed for a second rape committed by Todd.
Todd was scheduled for a parole hearing in October 2000, with a possible release date in December 2000. On August 9, 2000, the State, having received notice that the Department of Rehabilitation and Corrections recommended Todd be adjudicated a Sexual Predator pursuant to R.C. 2950.09(C), filed with the sentencing court a Request for Pursuit of Sexual Predator Adjudication. In its August 18, 2000 journal entry, the sentencing court responded as follows, in relevant part:
 IN ACCORDANCE WITH COURT'S OPINION IN STATE-v-COPELAND ET AL CR 213510, THE STATE'S REQUEST FOR PURSUIT OF SEXUAL PREDATOR ADJUDICATION IS DENIED.
The case to which the sentencing court referred, State v. Copeland(October 25, 1999), CR No. 213510, Cuyahoga County, Common Pleas, unreported, implicated Ohio's Sexual Predator legislation codified at R.C. 2950.01, et seq. In Copeland, the Court of Common Pleas held the legislation violated the doctrines of separation of powers and an offender's right to due process under the Ohio Constitution.
Upon the State's appeal to this court, we consolidated several cases[1]
presenting the same challenge as Copeland. On September 15, 2000, the State filed notice with this court of its intent to appeal this present case. The State moved this court to consolidate this case with the appeals in Copeland. Initially, this court granted the motion to consolidate and then, sua sponte, vacated the consolidation order and docketed this case to be heard separately. In State v. Copeland (December 18, 2000), Cuyahoga County App. Nos. 77333, 77500, 77501, 77502, and 77517, unreported, we reversed and remanded to the trial court for the purpose of holding sexual predator hearings in accordance with Ohio's sexual predator legislation. Id. In that case, we stated:
 This court, as well as other courts throughout the state, have repeatedly found that R.C. 2950.09 is constitutional and have rejected the constitutional arguments advanced by the trial court in its ruling.
Id. at 3.
Further, after citing to State ex rel. Mason v. Griffen (2000),90 Ohio St.3d 299, 737 N.E.2d 958 and numerous state appellate court decisions, this court stated:
 * * * the appellate courts and the Supreme Court of this state have spoken on the issue of the constitutionality of the sexual predator statute. It is now incumbent upon the trial courts that they enforce the statute as it is written.
Id. at 6.
Although we did not hear this present case along with the other cases presented with Copeland, the issues presented are identical. Moreover, the assignments of error, to the letter, are identical to those presented in Copeland. As we held in Copeland, Ohio's sexual predator legislation conforms to Ohio constitutional law. Therefore, the trial courts must carry into effect this legislation, including R.C. 2950.09 (C). Accordingly, we sustain the State's assignments of error.
Judgment reversed and remanded for proceedings consistent with this opinion.
This cause is reversed and remanded.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________________________ PATRICIA ANN BLACKMON, PRESIDING JUDGE:
JAMES J. SWEENEY, J., and TERRENCE O'DONNELL, J., CONCUR.
[1] CR-213510, CR-016442, CR-037367, CR-044855, CR-049473, CR-049632, CR-050553, CR-167830, CR-259378, CR-307107, CR-234143, CR-238300, CR-338003, CR-029937.