JOURNAL ENTRY AND OPINION
{¶ 1} The State of Ohio challenges the decision of the Cuyahoga County Common Pleas Court that granted motions for summary judgment filed on behalf several criminal defendants when the state failed to comply with the pleading rules set forth in the Civil Rules of Procedure. We reverse and remand.
 {¶ 2} Nine criminal defendants, Michael Donaldson, Calvin Dewberry, John C. Kosir, Anthony R. Nash, Anthony Copeland, Alonzo S. Todd, Michael Overton, Darryl Heard and Ralph R. Wilson, were each convicted of various crimes and sentenced to varying terms of imprisonment to be served at one of several correction facilities throughout the state. Prior to their anticipated release and upon the recommendation of the Ohio Department of Rehabilitation and Correction ("ODRC"), the state requested a determination that each of the nine defendants be classified as a sexual predator pursuant to R.C. 2950.09(C).
 {¶ 3} The same trial judge was assigned to all nine cases[1] and issued a case management order in each case that stated, inter alia, that the proceedings "shall be governed by the Ohio Rules of Civil Procedure, with the exception of Rules 5, 13-25, 38, 39(A), 47, 48, 51, and 64-81" and thereafter ordered the state to "commence the sexual predator proceeding by filing a complaint in conformity with Ohio Civil Rule 8 within 30 days of this order." The order likewise mandated that the respective complaints "shall contain a statement of all facts upon which the State of Ohio will rely to demonstrate that the defendant is a sexual predator as defined in R.C. § 2950.01(E)."
 {¶ 4} The state moved to vacate the case management orders, arguing that it was not required under R.C. 2950.09(C) to file a complaint to initiate the classification proceedings. The court denied the motions. The state continued to refuse to comply with the trial court's orders, arguing that R.C. 2950.09(C) did not require it to file a complaint in compliance with Civ.R. 8 nor to provide a statement of facts upon which the state would rely. In response, the defendants filed either motions to dismiss or for summary judgment. The court construed the motions to dismiss as motions for summary judgment "in light of the State's refusal to provide a statement of facts * * *." In so construing, the trial court granted the motions and determined each of the defendants "not to be a sexual predator inasmuch as the State has failed to show that a genuine issue of material fact exists that the particular defendant is likely to commit a sexually-oriented offense in the future."
 {¶ 5} In reaching this decision, the trial court reasoned as follows:
 {¶ 6} "Those pleadings and other procedural provisions of the Civil Rules were ordered both because the Ohio Supreme Court has determined sexual predator proceedings to be civil in nature [State v. Cook (1998) 83 Ohio St.3d 404] and also because sexual predator hearings for offenders already in prison often necessitate the discovery of facts of prior matters not readily available to defense counsel and the presentation of expert witnesses. A full written statement of facts by the State prior to a hearing makes possible relevant discovery by defense counsel and facilitates the decision of the Court as to whether to approve the employment of psychiatric experts. Depending upon the State's proposed evidence and other discovery, the parties can indicate to the judge through motions for summary judgment whether it is necessary to consume scarce time for oral testimony in open court. The procedures ordered by the Court were, thus, entered to promote fair hearings and the efficient use of Court resources." (Citations omitted in part.)
 {¶ 7} Acknowledging that a sexual predator hearing is a "special statutory proceeding" as set forth in Civ.R. 1, the trial court found nothing in R.C. Chapter 2950 precluded the trial court from "exercising its inherent judicial power to establish fair and efficient procedures in sexual predator determinations." It buttressed this finding on the "numerous appellate court reversals for re-hearing that have occurred in this district and others because the State has failed to make an adequate presentation of facts at a sexual predator hearing." (Citations omitted.)
 {¶ 8} We consolidated the cases for purposes of appeal. The state is now before this court and sets forth two errors for our review.
 I. {¶ 9} In its first assignment of error, the state argues that the trial court erred in requiring it to file a complaint in conformity with the Civ.R. 8. Succinctly, the state contends that R.C. Chapter 2950 sets forth the procedures to be employed by a trial court when conducting sexual offender classification hearings and, as such, the civil rules that pertain to the filing of a complaint are inapplicable. The criminal defendants, on the other hand, contend that these hearings are civil in nature and therefore the civil rules apply.
 {¶ 10} It is well established that sexual offender classification hearings are civil in nature. See State v. Gowdy (2000), 88 Ohio St.3d 387,398, citing State v. Cook (1998), 83 Ohio St.3d 404, 423. While the Rules of Civil Procedure are generally applicable to civil actions, Civ.R. 1(C) lists several exceptions.
 {¶ 11} "These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (7) in all other special statutory proceedings; provided, that where any statute provides for procedure by a general or specific reference to the statutes governing procedure in civil actions, such procedure shall be in accordance with these rules."
 {¶ 12} Proceedings to determine sexual offender classification status are special statutory proceedings because they were not present at common law. State v. Vincent (Feb. 3, 2000), 5th Dist. No. CA99-03, 2000 Ohio App. Lexis 449. Consequently, and notwithstanding that R.C. Chapter 2950 makes no general or specific reference to being governed by procedure in civil actions, the civil rules are generally applicable unless this statute makes them clearly inapplicable.
 {¶ 13} As is pertinent to the underlying cases, R.C. 2950.09(C)(1) governs the procedure to be employed when making classification determinations for offenders who were convicted or pleaded guilty and sentenced to a sexually oriented offense prior to January 1, 1997 and remained incarcerated after that date. This section sets forth rather detailed procedural requirements in making these determinations. In particular, it requires ODRC to make the initial recommendation to the trial court that an offender be adjudicated as a sexual predator.
 {¶ 14} In making such a determination, ODRC is to consider, but is not limited by, the statutory factors set forth in R.C. 2950.09(B)(2). If ODRC decides to make such a recommendation, it is required "to send the recommendation to the court that sentenced the offender" who, in turn, is required to proceed according to R.C. 2950.09(C)(2). Under this subsection, the trial court is not bound by the ODRC's recommendation and need not conduct a hearing if it determines that the offender is not a sexual predator. A trial court may not determine that an offender is a sexual predator, however, without a hearing. If the trial court decides to hold a hearing, R.C. 2950.09(C)(2)(b) thereafter sets forth detailed procedures to be employed by the trial court in reaching its decision.
 {¶ 15} As can be ascertained by this brief summary of R.C.2950.09(C), the statute itself provides a detailed procedural framework within which a trial court is to operate when confronted with a recommendation from ODRC that a criminal defendant be adjudicated a sexual predator. Those civil rules that pertain to the filing of a complaint, the format or substance of that complaint and any pleadings subsequent to the filing of a complaint are, therefore, clearly inapplicable under Civ.R. 1(C).
 {¶ 16} We note that two other appellate districts have likewise concluded that the civil rules that pertain to the filing of a complaint are generally inapplicable to sexual offender classification proceedings, albeit for slightly different reasons. In State v. Marshall
(Nov. 16, 2001), Montgomery App. No. 18587, 2001 Ohio App. Lexis 5146, the Second Appellate District determined that it was unnecessary to file a complaint in accordance with Civ.R. 3 on the basis that it was both impractical and redundant. The defendant in Marshall argued in favor of not only filing a civil complaint but argued that a separate civil case number should be assigned when initiating these proceedings. Finding the filing of separate actions impractical because the criminal record contains information relevant to the adjudication process, the Marshall
court further found that the screening form used by ODRC served a function similar to that of a civil complaint.
 {¶ 17} "In this regard, R.C. 2950.09(C)(1) says that if an offender committed a sexual offense before January 1, 1997, and is still imprisoned after that date, ODRC must decide whether to recommend the offender's classification as a sexual predator. If ODRC decides that the offender should be designated a sexual predator, it must send the recommendation to the court that sentenced the offender. This process is quite similar to filing a civil complaint with a court. Both the complaint and the screening form contain `allegations' that give an opposing party notice of relevant issues. And, as with civil cases, a sex offender must be given appropriate notice of the date, time, and place of any classification hearing. R.C. 2950.09(C)(2)(b)." Id. at 17-18. AccordState v. Davidson, 5th Dist. No. 2001CA00386, 2002-Ohio-2887, at ¶ 53-58. Notwithstanding, we acknowledge that civil rules other than those applicable to the filing of a complaint have been found to apply to sexual offender classification proceedings. State v. Neiswonger (Nov. 1, 2001), 8th Dist. No. 78680, 2001 Ohio App. Lexis 4865 (affirmative defenses as contained in Civ.R. 8(C) must be raised by motion to dismiss at some point during the proceedings); State v. Furlong (Feb. 6, 2001), 10th Dist. No. 00AP-637, 2001 Ohio App. Lexis 390 (thirty-day time limit for the filing of a notice of appeal does not begin until there is compliance with Civ.R. 58(B)); State v. Leonard (Apr. 20, 2001), 2nd Dist. No. 18422, 2001 Ohio App. Lexis 1798 (Civ.R. 58(A) and 63 require the judge conducting the proceeding to sign the judgment); State v. Barnes (Dec. 22, 2000), 11th Dist. No. 99-T-0068, 2000 Ohio App. Lexis 6127 (timely request for findings of fact and conclusions of law under Civ.R. 52 is appropriate); State v. Kendrick (Sept. 30, 1999), 10th Dist. No. 98AP-1305, 1999 Ohio App. Lexis 4622 (entitlement to the appointment of guardian ad litem under Civ.R. 17(B) discussed). Nonetheless, it appears that these rules were found to be applicable, for the most part, because they were found "not to be clearly inapplicable" as required by Civ.R. 1(C). The same cannot be said of those civil rules pertaining to the filing of a complaint. R.C. Chapter 2950 in general, and R.C. 2950.09(C) in particular, detail the process from which sexual offender classification hearings are not only to be initiated but to proceed as well. Because this statute does so, the civil rules that govern similar procedures are clearly inapplicable.
 {¶ 18} The state's first assignment of error is well taken and is sustained.
 II. {¶ 19} In its second assignment of error, the state challenges the trial court's order granting summary judgment to the nine criminal defendants and finding them not to be sexual predators because the state failed to file a complaint in each case in compliance with Civ.R. 8. The trial court reasoned that, without a complaint detailing the allegations supporting the state's request that each defendant be classified as a sexual predator, the state had failed to set forth its basis that the defendants are likely to reoffend in the future and, therefore, summary judgment was appropriate. We find no support in the law for the trial court's decision to grant a party summary judgment on the basis that there was no complaint filed containing allegations of the non-moving party's claim. Indeed, this procedural anomaly most likely would not present itself in civil actions because a motion for summary judgment is directed to a "claim, counterclaim or cross-claim" or an action seeking declaratory judgment. See Civ.R. 56(A) and (B). We, nonetheless, find that R.C. Chapter 2950 does not contemplate the use of a motion for summary judgment as a procedural device to summarily dispose of proceedings for sexual offender classification.
 {¶ 20} The Twelfth Appellate District reached the same conclusion in State v. Slatton, 2002-Ohio-5608, 12th Dist. No. CA2002-01-009. Although the Slatton court construed the applicability of Civ.R. 56 as it pertains to a petition to remove sexual predator status under R.C.2950.09(D), we find its reasoning persuasive in the context of the case before us. Initial classification determinations, like proceedings to remove sexual predator status, require the trial court to follow a detailed statutory procedure that includes the consideration of all relevant factors, including but not limited to those set forth in R.C.2950.09(B). Thus we agree with the Slatton court that the use of a summary procedural device such as a motion for summary judgment is inconsistent with and would alter the basic statutory purpose of R.C.2950.09. Id. at ¶ 16.
 {¶ 21} The state's second assignment of error is well taken and is sustained.
 III. {¶ 22} The judgment of the trial court is reversed. The civil rules that pertain to the filing of a complaint do not apply to sexual offender classification proceedings. To the extent that the trial court's decision that the nine criminal defendants were not sexual predators was premised on the state's failure to file a complaint, those determinations are reversed. Civ.R. 56 is likewise inapplicable. On remand, the trial court is instructed to follow the procedure set forth in R.C. 2950.09(C) in determining the sexual offender classification status of the respective criminal defendants, including whether a hearing, if any, is required.
 {¶ 23} We are mindful that our decision here today does not entirely invalidate the trial court's case management order as it pertains to several of the civil rules that it ordered applicable to this case. Contrary to the arguments presented by counsel for the defendants, the trial court cannot pick and choose which of the civil rules it wants to apply to special statutory proceedings merely because it possesses inherent judicial authority to control the proceedings in its court. To the contrary, the trial court must engage in the analysis provided by Civ.R. 1(C)(7) and determine the extent to which any given statute makes a civil rule clearly inapplicable.
 {¶ 24} This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellee recover from appellants costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J., AND JAMES J. SWEENEY, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] Several of these cases have a rather tortuous history. Defendants Copeland, Donaldson, Kosir and Wilson were appellants in State v.Copeland (Dec. 18, 2000), Cuyahoga App. Nos. 77333, 77500, 77501, 77502 77517, 2000 Ohio App. Lexis 5964, wherein we remanded these cases to the trial court "for the purpose of holding sexual predator hearings * * * in accordance with the dictates of [R.C. 2950.09]." This same trial judge was the subject of an action in mandamus wherein the state requested extraordinary relief to compel the trial court to conduct an evidentiary hearing regarding Defendant Wilson. See State ex rel. Masonv. Griffin (2000), 90 Ohio St.3d 299.