[Cite as *Polk v. Spirit Homecare, Inc.*, 2012-Ohio-4948.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

NEDRA POLK,                              :        APPEAL NO. C-120088
                                                  TRIAL NO. A-1007872
   Plaintiff-Appellee,           :
                                                        *O P I N I O N.*
  vs.                               :

SPIRIT HOMECARE, INC.,                   :

SAJJAD A. KHAN,                          :

  and                               :

SHAZIA KHAN, M.D.,                       :

   Defendants-Appellants.        :


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  October 26, 2012


*Nedra Polk,* pro se,

*Nadeem Quraishi*, for Defendants-Appellants.



Please note:  This case has been removed from the accelerated calendar.

**SUNDERMANN, Presiding Judge.**

{¶1} Spirit Homecare, Inc., Sajjad Khan, and Shazia Khan (collectively "Spirit Homecare") appeal the trial court's judgment that overruled Spirit Homecare's motion for sanctions against Nedra Polk. Because we conclude that the trial court erred when it overruled the motion without having held a hearing on the motion, we reverse the judgment of the trial court and remand the cause for a hearing on Spirit Homecare's motion.

{¶2} Nedra Polk sued Spirit Homecare for "race discrimination Title VII," "race discrimination ORC 4112.02 & 4112.99," promissory estoppel, breach of expressed/implied contract and interference with contract, wrongful discharge, and "misrepresentation of employee status." The trial court entered summary judgment in favor of Spirit Homecare on all counts, except for Polk's breach of contract claim, which was tried to a jury. The jury returned a verdict in favor of Spirit Homecare. This court affirmed the judgment of the trial court in *Polk v. Spirit Homecare, Inc.*, 1st Dist. No. C-110632 (May 9, 2012).

{¶3} Following the trial court's entry of judgment, Spirit Homecare filed a motion for sanctions for frivolous conduct, pursuant to R.C. 2323.51. The trial court overruled Spirit Homecare's motion without a hearing. Spirit Homecare filed a motion for findings of fact and conclusions of law, but the trial court denied the motion sub silentio.

{¶4} In its first assignment of error, Spirit Homecare asserts that the trial court erred in failing to award reasonable attorney fees pursuant to R.C. 2323.51. We review the trial court's decision on a motion for sanctions under an abuse-of-discretion standard. *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶ 11.

{¶5}     R.C. 2323.51(A)(2)(a) defines "frivolous conduct" as "* * * [c]onduct of a[] party to a civil action that satisfies any of the following:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief."

{¶6}     Here, the trial court did not hold a hearing on Spirit Homecare's motion. In *Mays v. Rebar*, 1st Dist. No. C-910585, 1992 Ohio App. LEXIS 5154, *7 (Oct. 7, 1992), we held that "R.C. 2323.51 does not mandate that a hearing be conducted to determine whether a particular action involves frivolous conduct, but does require that if attorney's fees are to be ultimately awarded, then a hearing indeed must be held in accordance with * * * R.C. 2323.51(B)(2)." *See also Schwartz v. Gen. Acc. Ins. of Am.*, 91 Ohio App.3d 603, 632 N.E.2d 1379 (1st Dist.1993). But even if a trial court is not required to hold a hearing, appellate courts will find an abuse of discretion on the part of the trial court when it arbitrarily denies a request

for sanctions. *Poindexter v. Grantham*, 8th Dist. No. 95825, 2011-Ohio-1576, ¶ 12. "An arbitrary denial occurs when (1) the record clearly evidences frivolous conduct and (2) the trial court nonetheless denies a motion for attorney fees without holding a hearing." *Id.*, citing *Bikkani v. Lee*, 8th Dist. No. 89312, 2008-Ohio-3130.

{¶7} In this case, the record contains evidence that Polk's actions may have constituted frivolous conduct as defined in R.C. 2323.51. What initially began as a contract dispute about how much Spirit Homecare owed Polk evolved into a complaint alleging discrimination, wrongful discharge, and misrepresentation of employee status. Spirit Homecare repeatedly attempted to settle the case, but Polk changed her requested damages. Given the record before us, we conclude that there was enough evidence that Polk may have acted frivolously to warrant a hearing on the motion. The trial court abused its discretion in ruling on the motion for sanctions without holding a hearing. The first assignment of error is sustained.

{¶8} Given the disposition of the first assignment of error, Spirit Homecare's second assignment of error is moot.

{¶9} Therefore, we reverse the judgment of the trial court and remand the case for a hearing on Spirit Homecare's motion for sanctions.

Judgment reversed and cause remanded.

**DINKELACKER** and **FISCHER, JJ.,** concur.

Please note:

The court has recorded its own entry this date.