[Cite as *Jeffers v. Bumgardner*, 2016-Ohio-4655.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| BILL JEFFERS, | ) | CASE NO. 15 BE 0024 |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| GEORGE BUMGARDNER, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from the Belmont County
Court, Northern Division Belmont
County, Ohio
Case No. 14 CVI 00510

JUDGMENT: Reversed.

APPEARANCES:

For Plaintiff-Appellant: William H. Jeffers *pro se*
199 Young Lane
St. Clairsville, Ohio 43950

For Defendant-Appellee: Atty. Michelle Gorman
3401 Pennsylvania Ave. Suite B.
Weirton, WV. 26062

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: June 17, 2016

ROBB, J.

{¶1} Plaintiff-Appellant Bill Jeffers appeals the decision of Belmont County Court, Northern Division, dismissing his small claims complaint with prejudice. He argues the trial court's decision should be reversed for three reasons. First, he contends the trial was set outside the 40 day time limit. Second, Appellant contends the trial court demonstrated prejudice against him. Third, Appellant asserts the trial court erred when it dismissed his case with prejudice; he claims it should have been dismissed without prejudice.

{¶2} For the reasons expressed below, Appellant's first and second arguments lack merit. The third argument has merit. Appellant's March 4, 2015 filing constituted a Civ.R. 41(A)(1)(a) notice of voluntary dismissal. Accordingly, the trial court's ruling that the case is dismissed with prejudice is reversed.

Statement of the Case

{¶3} On October 24, 2014, Appellant filed a small claims complaint against Appellee asserting Appellee caused damaged to Appellant's fence; one picket fell off, two pickets were knocked loose, and there was a hole in the bottom of the fence. Appellant requested $900.00 in damages.

{¶4} Appellee was notified of the claim and trial was scheduled for December 17, 2014.

{¶5} On December 16, 2014, Appellee filed a Motion for Continuance. He requested the matter be continued until January 28, 2015 so a determination of insurance coverage availability could be made. 12/16/14 Motion. That motion was allegedly faxed to the court.

{¶6} The trial court granted the motion and reset trial for January 28, 2015. 12/16/14 J.E.

{¶7} On January 23, 2015, Appellant filed a Motion for Continuance asserting he needed more time "to complete" his case. Appellant also asserted the continuance was needed for medical reasons. The trial court granted the motion and reset trial for March 4, 2015. 1/27/15 J.E.

{¶8} On February 24, 2015, Appellant filed a jury trial demand. The following day, the trial court appropriately denied the request based on R.C. 1925.04(A). 2/25/15 J.E. That section indicates the commencement of an action in

small claims court "constitutes a waiver of any right of the plaintiff to trial by jury." R.C. 1925.04(A).

**{¶9}** A few days later, Appellant filed an "Amendment for the Record for Recusal and Change Venue." 2/27/15 Motion. This motion requested the trial judge recuse himself from the case.

**{¶10}** On the day of trial, Appellant filed an "Amendment for the Record Motion for Leave." Appellant asked the court "for leave of case number CV100510 without prejudice." The reason for his request was a medical condition and an appointment with an orthopedic surgeon in Pittsburgh, Pennsylvania on March 12, 2015. 3/4/15 Motion.

**{¶11}** On March 4, 2015, at the scheduled time for trial, the case was called. Appellee, counsel for Appellee, and a witness subpoenaed by Appellant were present. Appellant and/or a representative for Appellant were not present. 3/4/15 Tr. 4. The trial court informed Appellee that it wanted to give Appellant a little more time to appear and would call the case again shortly. 3/4/15 Tr. 4. The case was called again; Appellant and/or a representative for Appellant were not present. 3/4/15 Tr. 4.

**{¶12}** The trial court proceeded to discuss the March 4, 2015 "Amendment for the Record Motion for Leave" on the record. It explained it was unsure if the motion was a motion to dismiss, or a motion to continue. 3/4/15 Tr. 4. The trial court stated the language "without prejudice" is typically used in the dismissal of an action. 3/4/15. Tr. 5. It asked Appellee if he wanted to provide any input on the issue. 3/4/15 Tr. 5. In response to that question, Appellee moved for the trial court to dismiss the case with prejudice pursuant to R.C. 1925.12 for failure to prosecute. 3/4/15 Tr. 6. The basis for such a request was because Appellant's motion was made less than three hours before trial, Appellant failed to appear, and everyone else, including a subpoenaed witness, appeared. 3/4/15 Tr. 6.

**{¶13}** Due to the language of the motion, the use of the phrase "without prejudice", the trial court determined it was a request to dismiss the case without prejudice. 3/4/15 Tr. 7. Accordingly, the trial court dismissed the action and took the "with or without prejudice" issue under advisement. 3/4/15 Tr. 7.

**{¶14}** Approximately two weeks later the trial court issued its final judgment entry. It stated, "Plaintiff's request is partially granted as the matter is dismissed. However, the dismissal is not without prejudice." 3/20/15 J.E.

**{¶15}** Appellant timely appealed that order. During the briefing process Appellant moved to supplement the record. That request was denied. 12/11/15 J.E.

<u>Compliance with the Appellate Rules</u>

**{¶16}** Appellant's brief failed to strictly comply with App.R. 16(A)(7). The brief contained no arguments with respect to each assignment of error. We noted such deficiency, but concluded it can be gleaned from each assignment of error the issues for review. 12/11/15 J.E.

<u>First Assignment of Error</u>

"The court erred in setting the proper time of trial under the Ohio Revised Code 1925.04 in which the set day of trial was approximately 54 days after commencing of action. The time set for such trial shall not be less than 15 days or more than forty days after the commencement of the action."

**{¶17}** Trial in small claims court "shall be not less than fifteen or more than forty days after the commencement of the action." R.C. 1925.04(B). An action is deemed commenced when the plaintiff "states the amount and nature of the plaintiff's claim to the court as provided in this section." R.C. 1925.04(A).

**{¶18}** Appellant filed his complaint stating his claim and the amount of damages on October 24, 2014. Notice of the claim was sent by certified mail to Appellee, and the trial court set the trial for December 17, 2014.

**{¶19}** Clearly, the trial was set more than 40 days after the commencement of the action. However, nothing in the record before us suggests Appellant objected to the trial being set outside the time limits. There were no filings by Appellant prior to the December 17, 2014 trial date indicating Appellant objected to the date of the trial.

**{¶20}** The trial did not occur on that date. Appellee requested and was granted a continuance, which caused the trial to be reset for January 28, 2015. Nothing in the record indicates Appellant objected to the continuance.

**{¶21}** The trial did not occur on the January 28, 2015 date. Appellant moved for a continuance of the January 28, 2015 trial, which was granted and caused the trial to be reset to March 4, 2015.

**{¶22}** It is a well-established rule that "an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *State v. Rogers*, 143 Ohio St.3d 385, 2015–Ohio–2459, 38 N.E.3d 860, ¶ 21, quoting *State v. Quarterman*, 140 Ohio St.3d 464, 2014–Ohio–4034, 19 N.E.3d 900, ¶ 15. This is known as forfeiture. *Rogers* at ¶ 21. The Twelfth Appellate Court has applied the principles of forfeiture in addressing a claim that R.C. 1925.04(B) was violated when a small claims trial was held outside the forty day time limit. *Byrd v. Combs*, 12th Dist. No. CA86-03-021, 1986 WL 12559 (Nov. 10, 1986) (Appellant did not object to date change that caused the trial to occur outside the statutory time limit and thus, cannot claim error on appeal), citing *State v. Williams*, 51 Ohio St.2d 112, 364 N.E.2d 1364 (1977), paragraph one of the syllabus (A reviewing court "need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.").

**{¶23}** Furthermore, a party is not "permitted to take advantage of an error that he himself invited or induced the trial court to make." *State ex rel. Mason v. Griffin*, 90 Ohio St.3d 299, 303, 737 N.E.2d 958 (2000). This is known as the invited error doctrine. *Id.*

**{¶24}** Consequently, given the facts, Appellant forfeited his rights and invited the error. Forfeiture occurred because he did not object to the December 17, 2014 or January 28, 2015 trial dates. He invited the error when he moved for a continuance and caused the trial to be set for March 4, 2015.

**{¶25}** This assignment of error lacks merit.

<u>Second Assignment of Error</u>

"The discretion of the court to help the attorney for the opposing counsel, Attorney Charles Bean, by having the court reporter walk back to me while I was in court for Case No. 14 SC 00114 and hand deliver his motion for continuance in a sealed letter which I opened. I was currently in the courtroom for these two cases, case No. 14 SC 00114 and case No. 14 CV 100510. No. 14 CV 100510 which is a bias that the court helped Attorney Bean notify me improperly. [sic] Court was not

yet in session at the time I received the hand delivered letter. These cases were both scheduled at the same time. The letter containing this motion was in the Pittsburgh post Office on December 16, 2014 and did not get to me until on or about December 22, 2014."

**{¶26}** This assignment of error alleges a claim of judicial bias. It appears Appellant is claiming the trial court showed bias in favor of Appellee's counsel when the court had a court reporter hand deliver Appellee's December 16, 2014 motion for continuance to Appellant. Appellant believes the trial judge should have recused himself because the trial judge was biased for Appellee's initial counsel and/or biased against Appellant.

**{¶27}** Judicial bias has been described as "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts." *State v. Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, 937 N.E.2d 97, ¶ 48 quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 132 N.E.2d 191 (1956), paragraph four of the syllabus.

**{¶28}** Appellee discusses acts that do not constitute bias and the presumption one has to overcome to prove bias. However, we do not need to engage in that discussion to decide this assignment of error. Pursuant to R.C. 2701.03 and R.C. 2701.031, only the chief justice of the Supreme Court of Ohio, or his or her designee, has the authority to determine a claim that a municipal court or county court judge is biased or prejudiced. *State v. Myers*, 12th Dist. No. CA2012-12-027, 2014-Ohio-3384, ¶ 27. R.C. 2701.031 "provides the exclusive means by which a litigant may claim that a municipal court judge is biased and prejudiced." *Id.* quoting *State v. Hunter*, 151 Ohio App.3d 276, 2002–Ohio–7326, ¶ 17 (9th Dist.). It is a basic principal of Ohio law that appellate courts are without authority to pass upon issues of disqualification or to void a judgment on the basis that a judge should be disqualified for bias or prejudice. *Beer v. Griffith*, 54 Ohio St.2d 440, 441, 377 N.E.2d 775 (1978).

**{¶29}** For those reasons, we are without authority to void a judgment on the basis that a judge should be disqualified for bias or prejudice. This assignment of error lacks merit.

Third Assignment of Error

"It was noted by the court before by previous motions that I filed, that I have medical conditions and extreme chronic daily pain and duress from a previous case. I should have been granted a dismissal without prejudice based on my medical and health conditions due to my inability to stand for long periods of time resulting from the metal plate and screws that were inserted next to my knee cap. My orthopedic surgeon in Pittsburgh removed the plate from my knee cap on or about the last week of April 2015 in which I am still recovering."

{¶30} As previously stated, Appellant filed an "Amendment for the Record Motion for Leave" on March 4, 2015, the day of trial, prior to the commencement of trial. The language in this motion provides:

Now comes the plaintiff respectfully ask the court for motion for leave of case number CV100510 without prejudice. Reason for this is a medical condition because of severe pain in my right knew [sic] and pelvis area, which I have plates in both, and I am scheduled with my Orthopedic Surgeon March 12, 2015 in Pittsburgh, PA. I do not believe I can represent myself in court properly because of the severity of my chronic pain. If requested, I can produce proper medical documents.

3/4/15 Motion.

{¶31} As aforementioned, the trial court was not sure if this motion asked for dismissal or continuance. Appellee moved to dismiss the matter with prejudice pursuant to R.C. 2915.12. The trial court then determined Appellant's motion was a motion to dismiss, without prejudice. The trial court dismissed the case but took the "with or without prejudice" issue under advisement and later dismissed the case with prejudice.

{¶32} Independently reviewing Appellant's March 4, 2015 filing, the trial court's confusion is understandable. It could either be a motion to dismiss or a motion for continuance. However, in considering the language of the motion, in conjunction with his previous filings, we find the motion was a Civ.R. 41(A) voluntary dismissal.

**{¶33}** Although, the March 4, 2015 filing does set forth that Appellant has a medical condition, which is a reason for requesting a continuance, the filing is not labeled a motion to continue; it does not use the word continue or an equivalent term, and there is no request for the trial court to set the trial for a later date. Two months prior to that filing, Appellant filed a motion for continuance that clearly was a motion for continuance. 1/23/15 Motion. The motion was labeled "Motion for Continuance." 1/23/15 Motion. The first line of that motion stated, "Plaintiff respectfully moves the court for a continuance in above case * * *." 1/23/15 Motion. Thus, it is clear Appellant knew how to ask for a continuance. As such, we cannot conclude the March 4, 2015 filing was a request for a continuance.

**{¶34}** The other option is that the March 4, 2015 filing was a motion to dismiss. As noted by the trial court, the phrase "without prejudice" was used in the motion which is typically used in the dismissal of an action. Specifically, we note such a motion is provided under Civ.R. 41(A).

**{¶35}** The rule provides a plaintiff, without order of the court, may voluntarily dismiss all claims asserted against a defendant by either filing a notice of dismissal any time before the commencement of trial or filing a stipulation of dismissal signed by all parties who have appeared in the action. Civ.R. 41(A)(1). "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court." Civ.R. 41(A).

**{¶36}** This rule is applicable to small claims courts; there are no inconsistent procedures in the Chapter of the Revised Code governing small claims proceeding or in the rule of court. R.C. 1925.16 ("Except as inconsistent procedures are provided in this chapter or in rules of court adopted in furtherance of the purposes of this chapter, all proceedings in the small claims division of a municipal court are subject to the Rules of Civil Procedure, and Chapter 1901. and sections 2307.06 and 2307.07 of the Revised Code, and all proceedings in the small claims division of a county court are subject to the Rules of Civil Procedure, Chapter 1907., and sections 2307.06 and 2307.07 of the Revised Code.").

**{¶37}** The statements made at the March 4, 2015 trial indicate the trial court received the motion prior to the commencement of trial.

**{¶38}** Considering the timing and the language of the motion, we conclude it was a Civ.R. 41(A)(1)(a) notice of voluntary dismissal filed before the commencement of trial and that the dismissal is without prejudice. Civ.R. 41(A).

**{¶39}** When a case has been voluntarily dismissed under Civ.R. 41(A)(1), the trial court patently and unambiguously lacks jurisdiction to proceed. See *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002–Ohio–3605, 771 N.E.2d 853 at ¶ 22. A plaintiff's notice of voluntary dismissal made pursuant to Civ.R. 41(A)(1) is self-executing; it requires no court action, and is effective on the date of filing. *Discover Bank v. Loncar*, 7th Dist. No. 11 MA 47, 2012-Ohio-4113, ¶ 13; *Brogdon v. Sibley Murray*, LLC, 5th Dist. No.2009 CA 139, 2010–Ohio–539, ¶ 9; *Selker & Furber v. Brightman*, 138 Ohio App.3d 710, 714, 742 N.E.2d 203 (8th Dist.2000).

**{¶40}** Therefore, since the motion was considered a notice of voluntary dismissal pursuant to Civ.R. 41(A)(1), the trial court was without authority to rule on Appellee's motion to dismiss with prejudice and was without authority to enter a ruling that the voluntary dismissal was with prejudice. *See State ex rel. Ahmed v. Costine*, 99 Ohio St.3d 212, 2003-Ohio-3080, ¶ 5 (Petitioner voluntarily dismissed his complaint pursuant to Civ.R. 41(A)(1)(a) and as such the court no longer had jurisdiction to consider his claims or respondent's motion to dismiss.).

**{¶41}** For those reasons, this assignment of error has merit.

Conclusion

**{¶42}** The first and second assignments of error lack merit. The third assignment of error has merit. The trial court's decision that the case is dismissed with prejudice is reversed. Appellant's Civ.R. 41(A) motion was self-executing and as such, the case was dismissed without prejudice.


Donofrio, P.J., concurs.

Waite, J., concurs.