[Cite as *Gauthier v. Gauthier*, 2018-Ohio-4970.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| FORREST GAUTHIER, | : | APPEAL NOS. C-170387 |
| | | C-170398 |
| Plaintiff-Appellant/Cross-Appellee, | : | TRIAL NO. A-1303244 |
| | : | *O P I N I O N.* |
| vs. | : | |
| SU KANG GAUTHIER, | : | |
| and | : | |
| ROBERT A. KLINGLER, | : | |
| Defendants-Appellees/Cross-Appellants. | : | |

Civil Appeals From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: December 12, 2018

*Thomas E. Grossmann*, for Plaintiff-Appellant/Cross-Appellee,

*Robert A. Klingler Co., L.P.A.*, and *Robert A. Klingler*, for Defendants-Appellees/Cross-Appellants.

**MYERS, Judge.**

{¶1}  This is an appeal from the trial court's award of attorney fees and costs in favor of defendants-appellees/cross-appellants Su Kang Gauthier ("Su") and Robert A. Klingler.  Su and Klingler had sought fees under two separate theories: that plaintiff-appellant/cross-appellee Forrest Gauthier ("Forrest") and his counsel had engaged in frivolous conduct under R.C. 2323.51 by filing the underlying lawsuit, and that Su was entitled to fees under a prior addendum agreement executed by the parties.  The court awarded Su and Klingler approximately $96,000 after determining that Forrest and his counsel had engaged in frivolous conduct under R.C. 2323.51, but it determined that it did not have jurisdiction to award fees under the addendum agreement.

{¶2}  In six assignments of error, Forrest argues that the trial court erred in determining that he and his counsel had engaged in frivolous conduct, the trial court erred in awarding fees and costs, the trial court abused its discretion in determining the reasonableness of fees, the trial court erred in not transferring the case to the Warren County Court of Common Pleas pursuant to the jurisdictional-priority rule, the trial court erred in its evidentiary and procedural rulings, and the trial court erred by sanctioning Forrest because Su was guilty of "unclean hands."

{¶3}  In a cross-appeal, Su and Klingler argue that the trial court erred in determining that it did not have jurisdiction to award fees pursuant to the parties' addendum agreement.

{¶4}  Because we find that the trial court erred in determining that Forrest and his counsel had engaged in frivolous conduct, and also erred in determining that it did not have jurisdiction to award fees pursuant to the parties' addendum agreement, we reverse the trial court's judgment and remand this action for further proceedings consistent with this opinion.

*Factual and Procedural Background*

{¶5}   In 2009, the Warren County Domestic Relations Court granted a divorce to Su and Forrest.  Incorporated into the divorce decree was a "Full Text Separation Agreement," which included a personal-property agreement dividing the parties' personal property.   In 2010, the parties entered into an addendum agreement to resolve further issues that had arisen regarding division of their assets.  Among other things, this addendum agreement governed the disposition of an IRS refund check and the division of tax penalty reserves.

{¶6}   Since the divorce decree was entered, relations between Su and Forrest have been contentious and litigious.  In 2009, Forrest filed a contempt action against Su in the Warren County Court of Domestic Relations, arguing that she had failed to return certain items of his property pursuant to the personal-property agreement.  In February 2013, Su filed suit against Forrest in the Warren County Court of Domestic Relations, but her case was later transferred to the Warren County Court of Common Pleas.  Su's complaint alleged that Forrest had violated the parties' 2010 addendum agreement by failing to pay her 50 percent of the parties' tax penalty reserve that he had held back from the IRS.  Forrest filed a motion to dismiss Su's complaint, and in April 2013, he filed this underlying action against Su and Klingler in the Hamilton County Court of Common Pleas.

{¶7}   Forrest's complaint alleged that Su had converted property that he was entitled to under the personal-property agreement that had been incorporated into the divorce decree, and that she had breached that agreement by not complying with its terms regarding the return of his property.  He claimed she had possession of property that was his and refused to return it.  He further alleged that Su had breached the parties' addendum agreement by negotiating an IRS refund check in contravention of the terms of the agreement.  With respect to this IRS refund check, the agreement provided that Su was entitled to 50 percent of the parties' tax refund

from certain specified years. If Su received a refund check, she was to cosign it and return it to Forrest. He would then deposit the entire amount and distribute to Su her 50 percent interest. When Su received the refund check, issues arose with the bank verifying her signature and approving her endorsement. To address these issues, Klingler emailed Forrest's counsel and explained that, rather than sending the check to Forrest, Su would deposit the proceeds and send Forrest his share. Klingler asked Forrest's counsel to let him know of any objections to this treatment of the check. When no response was received, Su deposited the check and sent Forrest his share. Forrest was out of the country when his share was sent to him, and a lengthy period of time elapsed before Forrest obtained his share of the refund check. He had not yet obtained his share at the time that the complaint was filed.

{¶8} As to Klingler, Forrest alleged that he had breached an agreement concerning Su's negotiation of the IRS refund check and that, as a result, Klingler had converted Forrest's refund proceeds.

{¶9} The trial court granted summary judgment to Su and Klingler on all claims. Forrest appealed, and this court affirmed the trial court's grant of summary judgment. We held that Forrest's claims against Su that related to the personal-property agreement were barred by claim preclusion and the jurisdictional-priority rule, because they arose out of the same transaction or occurrence that was the subject matter of the contempt action in Warren County. With respect to the remaining claims against Su and Klingler concerning breach of the addendum agreement and negotiation of the tax refund check, we held that after viewing the evidence in the light most favorable to Forrest, reasonable minds could only find in favor of Su and Klingler on those claims. We thus upheld the granting of summary judgment on the merits of these addendum-agreement claims.

{¶10} After this court's affirmance of the trial court's grant of summary judgment, Su and Klingler filed a motion for an award of attorney fees and costs, alleging frivolous conduct under R.C. 2323.51. Su also sought an award of fees and

costs pursuant to the parties' 2010 addendum agreement, which provided that "[t]he prevailing party to any action or proceeding brought to enforce any term of this Agreement shall be entitled to recover all reasonable costs and attorneys fees arising out [of] or related to the enforcement action or proceeding."

{¶11} Following a hearing, the trial court issued an entry granting Su and Klingler's motion and awarding them approximately $96,000 in fees and costs, which encompassed the total amount of fees and costs incurred in defending all claims raised in Forrest's complaint. The court found that Forrest and his counsel's conduct in filing the underlying action was frivolous pursuant to R.C. 2323.51, and it awarded fees and costs on that basis. But it found that it did not have jurisdiction to enforce the addendum agreement because "this case was disposed as a matter of law under the jurisdictional priority rule."

{¶12} Both Forrest and Su and Klingler appealed the trial court's ruling.

### Forrest's Appeal
#### A. R.C. 2323.51

{¶13} In his first assignment of error, Forrest argues that the trial court erred in finding that he and his counsel acted frivolously in filing the underlying lawsuit in Hamilton County.

{¶14} R.C. 2323.51(B)(1) provides that any party to a civil action adversely affected by another party's frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the action. Pursuant to R.C. 2323.51, the conduct of a party to a civil action will be considered frivolous where:

> (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

5

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

R.C. 2323.51(A)(2)(a); *see Pitcher v. Waldman*, 1st Dist. Hamilton No. C-160245, 2016-Ohio-5491, ¶ 14.

{¶15} This court's standard of review depends on whether the appeal involves questions of law or questions of fact. *Pitcher* at ¶ 16. Where purely legal questions are involved, this court conducts a de novo review. *Id.* But on factual issues, we defer to the trial court's factual determinations if they are supported by competent, credible evidence. *Id.*

{¶16} In their motion for an award of fees and costs, Su and Klingler argued that Forrest and his counsel had engaged in frivolous conduct pursuant to R.C. 2323.51(A)(2)(a)(ii) because their conduct "was not warranted under existing law, [could not] be supported by a good faith argument for an extension, modification, or reversal of existing law, or [could not] be supported by a good faith argument for the establishment of new law." They specifically contended that Forrest's claims concerning the personal-property agreement were frivolous because they had previously been asserted in the contempt action before the Warren County Court of Domestic Relations and were ultimately barred by res judicata. They further contended that Forrest's claims under the addendum agreement were frivolous,

because even if the procedure for depositing the check was not followed, Forrest's refusal to pick up the IRS refund check after it was delivered to him and his failure to make any effort to obtain his share of the refund check rendered those claims frivolous.

{¶17} In finding that the conduct of Forrest and his counsel was frivolous, the trial court held that "[n]o reasonable attorney would file an action in the General Division of the Hamilton County Court of Common Pleas on the question of division of marital property after litigating the same nucleus of operative facts in the Domestic Relations Division of the Warren County Court of Common Pleas." The court did not specifically address whether the claims under the addendum agreement were frivolous, but it awarded Su and Klingler all requested fees and costs.

{¶18} Because the trial court's determination that the conduct of Forrest and his counsel was frivolous pursuant to R.C. 2323.51(A)(2)(a)(ii) involves a legal analysis, we conduct a de novo review. *Stremmel v. Demmery*, 2d Dist. Miami No. 2016-CA-18, 2017-Ohio-5500, ¶ 21, citing *Breen v. Total Quality Logistics*, 10th Dist. Franklin No. 16AP-3, 2017-Ohio-439, ¶ 11.

### 1. Personal-Property Claims

{¶19} We first consider whether Forrest and his counsel acted frivolously in asserting the claims under the personal-property agreement that were later found by this court to be barred by claim preclusion and the jurisdictional-priority rule. The test to determine whether an asserted claim is frivolous "is whether no reasonable lawyer would have brought the action in light of existing law." *See Pitcher*, 1st Dist. Hamilton No. C-160245, 2016-Ohio-5491, at ¶ 15.

{¶20} The Eighth District Court of Appeals has held that "after an action has been fully litigated in the Domestic Relations Court and a judgment entry has been filed granting a divorce and providing for the division of property, the exclusive jurisdiction [of the Domestic Relations Court] is terminated. At that point, there

7

exist[s] concurrent jurisdiction with the Common Pleas Court, General Division." *Price v. Price*, 16 Ohio App.3d 93, 95-96, 474 N.E.2d 662 (8th Dist.1984).

{¶21} While Forrest's claims under the personal-property agreement were ultimately found to be barred by claim preclusion and the jurisdictional-priority rule, in light of the existing case law on the concurrent jurisdiction between domestic relations courts and general division common pleas courts after the issuance of a divorce decree, the Hamilton County Court of Common Pleas arguably had jurisdiction over the property claims. Therefore, we cannot conclude that the actions of Forrest and his counsel were not warranted under existing law. *See* R.C. 2323.51(A)(2)(a)(ii).

{¶22} In further support of his conduct, Forrest contends that he filed this action in the Hamilton County Court of Common Pleas because he sought an award of damages that could not be issued by a domestic relations court. This argument is likewise supported by existing law. *See Gibson v. Gibson*, 87 Ohio App.3d 426, 431, 622 N.E.2d 425 (4th Dist.1993) (holding that domestic relations courts "have, by statute, full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters," but that these powers do not include the authority to enter a judgment for damages).

{¶23} We cannot conclude that no reasonable lawyer would have filed the personal-property claims, which, after a decree of divorce was granted, sought an award of damages on claims for breach of contract and conversion regarding separation of the parties' personal property, in a court of common pleas rather than a domestic relations court. *See Pitcher*, 1st Dist. Hamilton No. C-160245, 2016-Ohio-5491, at ¶ 15.

{¶24} The trial court erred in concluding that Forrest and his counsel had acted frivolously in filing the personal-property claims in Hamilton County.

### 2. Addendum-Agreement Claims

{¶25} We now consider whether Forrest and his counsel acted frivolously in filing the claims concerning the parties' addendum agreement. Su and Klingler were granted summary judgment on the addendum-agreement claims and this court affirmed that ruling after a de novo review.

{¶26} As the Supreme Court of Ohio has previously stated, frivolous conduct "must involve egregious conduct. Frivolous conduct is not proved merely by winning a legal battle or by proving that a party's factual assertions were incorrect." *State ex rel. DiFranco v. S. Euclid*, 144 Ohio St.3d 571, 2015-Ohio-4915, 45 N.E.3d 987, ¶ 15. The fact that Forrest lost on the merits of his addendum-agreement claims does not mean that he acted frivolously in filing them. While Forrest's actions in refusing to accept delivery of his share of the IRS refund check may have factored into the ultimate resolution of the claims against him, his conduct did not render the filing of the claims frivolous. At the time of filing, Forrest had not received the proceeds and there was a good-faith argument for filing the claims under existing law. We hold that the actions of Forrest and his counsel in asserting claims under the addendum agreement were not frivolous. *See* R.C. 2323.51(A)(2)(a)(ii).

{¶27} We therefore conclude that the trial court erred in finding that Forrest and his counsel had acted frivolously under R.C. 2323.51 and in awarding fees and costs on that basis. Forrest's first assignment of error is sustained.

{¶28} Our resolution of this assignment of error renders moot Forrest's second, third, fifth, and sixth assignments of error, and we do not address them.

### B. Jurisdictional Priority

{¶29} In his fourth assignment of error, Forrest argues that the trial court erred in not transferring the case to the Warren County Court of Common Pleas pursuant to the jurisdictional-priority rule.

{¶30} Prior to the hearing on Su and Klingler's motion for an award of fees and costs, Forrest filed a motion to dismiss the entire action for lack of subject-matter jurisdiction. His motion contended that the court "must dismiss this matter in its entirety, and vacate all judgment entries and orders entered because this Court does not possess subject-matter jurisdiction." He specifically asserted that jurisdictional priority of his claims had vested in the Warren County Court of Common Pleas when Su filed her complaint asserting her own claims under the addendum agreement. He argued that his addendum-agreement claims were compulsory counterclaims to Su's, and that because Su's case was filed first, the entire Hamilton County action must be dismissed. The trial court denied Forrest's motion.

{¶31} Under the jurisdictional-priority rule, "when there are courts with concurrent jurisdiction, the court whose powers are first invoked through the initiation of an appropriate legal action acquires jurisdiction to the exclusion of all other courts to adjudicate the issues and to settle the rights of the parties." *Zhao v. Zeng*, 1st Dist. Hamilton No. C-020131, 2003-Ohio-3060, ¶ 13. Generally, the rule only applies when the claims and parties are the same in both cases. *State ex rel. Dunlap v. Sarko,* 135 Ohio St.3d 171, 2013-Ohio-67, 985 N.E.2d 450, ¶ 10. When the cases involve different claims or parties, the rule can still apply if the actions are part of the same "whole issue." *Id.* at ¶ 11; *Triton Servs., Inc. v. Reed*, 12th Dist. Butler Nos. CA2016-04-028 and CA2016-08-068, 2016-Ohio-7838, ¶ 8. Two cases will be considered part of the same "whole issue" where the cases are pending in courts of concurrent jurisdiction and involve substantially the same parties, and "the ruling of the court subsequently acquiring jurisdiction may affect or interfere with the resolution of the issues before the court where suit was originally commenced." *Triton Servs., Inc.* at ¶ 9, quoting *Michaels Bldg. Co. v. Cardinal Fed. S. & L. Bank,* 54 Ohio App.3d 180, 183, 561 N.E.2d 1015 (8th Dist.1988).

{¶32} Here, Forrest's action in Hamilton County contained an additional party that was not part of the action in Warren County, namely Klingler. And following our review of the record, we cannot find that the two causes of action are part of the same "whole issue." We therefore conclude that the trial court did not err in failing to transfer the case to Warren County or in failing to dismiss the case pursuant to the jurisdictional-priority rule.

{¶33} Forrest's fourth assignment of error is overruled.

### *Su and Klingler's Cross-Appeal*

{¶34} In their sole assignment of error, Su and Klingler argue that the trial court erred in determining that it did not have jurisdiction to award attorney fees pursuant to the addendum agreement. We agree.

{¶35} The trial court held that it did not have jurisdiction to enforce the terms of the addendum agreement because "this case was disposed as a matter of law under the jurisdictional priority rule." The trial court's statement was incorrect. While Forrest's claims pertaining to the personal-property agreement were disposed of under the jurisdictional-priority rule, the addendum-agreement claims were disposed of on their merits by a grant of summary judgment to Su and Klingler.

{¶36} Su and Klingler sought attorney fees under paragraph eight to the addendum agreement, which provides that "[t]he prevailing party to any action or proceeding brought to enforce any term of this Agreement shall be entitled to recover all reasonable costs and attorneys fees arising out [of] or related to the enforcement action or proceeding." Just as it had jurisdiction to rule on the merits of the addendum-agreement claims, the trial court had jurisdiction to interpret paragraph eight of the agreement and to award fees if it determined that a party was entitled to them.

{¶37} Su and Klingler's assignment of error is sustained.

### *Conclusion*

{¶38} Because the trial court erred in determining that the conduct of Forrest and his counsel in filing the underlying action was frivolous under R.C. 2323.51, and in determining that it did not have jurisdiction to award fees under the addendum agreement, we reverse the trial court's judgment.

{¶39} This cause is remanded for the trial court to determine whether the addendum agreement entitled Su to attorney fees and costs incurred defending the addendum-agreement claims, and if so, to determine the amount the amount of fees and costs to which Su is entitled and to issue an award accordingly.

Judgment reversed and cause remanded.

**MOCK, P.J.,** and **ZAYAS, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.